

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,056-01

**EX PARTE EMILY PAIZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR11002080-F(1) IN THE 214TH DISTRICT COURT FROM NUECES COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to intoxication manslaughter and was sentenced to twenty years' imprisonment. She did not appeal her conviction.

Applicant contends, among other things,[1] that her trial counsel rendered ineffective assistance, causing her plea to be unknowingly and involuntarily entered. Applicant alleges that trial counsel advised her that she would have twenty-four hours to "recant" if she pleaded guilty, and that

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

she was facing a thirty-year sentence if she did not sign the plea agreement. Applicant alleges that one of her prior misdemeanor convictions was obtained without the assistance of counsel, and could not have been used to prove the felony murder count with which she was also charged. The habeas record does not contain copies of the written plea admonishments or waivers, stipulations and judicial confession.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state what advice, if any, he provided to Applicant with regard to her options for going to trial on the charges, pleading guilty pursuant to an agreement or entering an open plea. Trial counsel shall state whether he advised Applicant of the likelihood that the State could prove the greater charge of felony murder at trial, and if so, whether he investigated Applicant's prior convictions and their availability for this purpose. Trial counsel shall state whether he advised Applicant that she was pleading guilty in exchange for the maximum sentence for a second degree felony, and of the effect of the affirmative deadly weapon finding on her parole eligibility. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea documents,

including the written admonishments, waivers, stipulations, judicial confession, and any evidence that was introduced to support the plea. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 21, 2019
Do not publish